**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Charles VONLEWIS, Defendant—
Appellant.**

No. 06–10412.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Robert L. Ellman, Esq., William R. Reed, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Charles Vonlewis appeals from the district court's decision that it would not have imposed a materially different sentence following a limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vonlewis contends that his sentence is unreasonable under *United States v. Book-*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*er,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court did not allow him to interview with a probation officer and did not articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). However, our review of a district court's decision not to resentence a defendant following a remand pursuant to *Ameline* is limited to whether "the district [court] properly understood the full scope of [its] discretion" under *Booker. See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006). We conclude that the record reflects that the district court "understood [its] post-*Booker* authority to impose a non-Guidelines sentence." *See id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.